**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**JEROME EUGENE TODD,**

    Petitioner,

v.                                        Case No. 5:16cv151-MP/CAS

**NICOLE ENGLISH, Warden,**
    et al.,

    Respondents.
_____/

## ORDER and REPORT AND RECOMMENDATION

On or about June 1, 2016, Petitioner Jerome Eugene Todd, a federal prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner has also filed a motion for recusal, ECF No. 4, a motion for leave to proceed in forma pauperis (IFP), ECF No. 5, and an "Application to Pending Cases in the Form of a Motion Pursuant to 1083(c)(3) 'Related Action,'" ECF No. 6.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). Petitioner's motion for recusal, ECF No. 4, is denied, and his IFP motion, ECF No. 5, is granted.

After careful consideration, the undersigned concludes Petitioner has not demonstrated entitlement to proceed under § 2241 and, accordingly, this petition, ECF No. 1, should be dismissed.

## Background

Following a jury trial in the United States District Court for the Western District of Washington, case number 2:07cr395-JLR, Petitioner was convicted of one count of conspiracy to engage in sex trafficking, in violation of 18 U.S.C. §§ 371 and 1591(a)(1) (Count 1); three counts of sex trafficking, in violation of 18 U.S.C. §§ 1591(a)(1) and 1592(b)(1) (Counts 2, 3, and 5); and one count of interstate transportation in furtherance of prostitution, in violation of 18 U.S.C. § 2421 (Count 4). ECF No. 1; *see* Todd v. N.C. English, No. 5:13cv160-MP/CAS, ECF No. 14 (Report and Recommendation). On September 29, 2008, the court sentenced him to 60 months in prison on Count 1; 312 months in prison on Counts 2, 3, and 5; and 120 months of imprisonment on Count 4, with the sentences to run concurrently with each other and consecutive to Petitioner's sentence in another case, 2:03cr2782. Petitioner appealed and the Ninth Circuit Court of Appeals affirmed the case. United States v. Todd, 627 F.3d 329 (9th Cir. 2009).

Petitioner filed a motion pursuant to 28 U.S.C. § 2255 in the Western

District of Washington.  Todd v. United States, No. C11-0470-JLR-MAT, 2012 WL 2952084 (W.D. Wash. June 26, 2012).  The district court denied the motion on July 19, 2012.  Todd v. United States, No. C11-0470-JLR-MAT, 2012 WL 2952067 (W.D. Wash. July 19, 2012).

Petitioner Todd filed a motion to set aside the judgment, pursuant to Federal Rule of Civil Procedure 60(d)(3).  The district court denied the motion on October 29, 2012.  Todd v. United States, No. C11-0470-JLR-MAT, 2012 WL 5351845 (W.D. Wash. Oct. 29, 2012).  The Ninth Circuit denied Todd's motion for a certificate of appealability.  See Todd v. United States, No. 12-35744 (9th Cir. Jan. 13, 2013).  The Ninth Circuit also denied Todd's motion for leave to file a successive § 2255 motion.  See Todd v. United States, No. 13-70567 (9th Cir. Feb. 14, 2013).

Todd filed a § 2241 petition in this Court on April 19, 2013.  See Todd v. N.C. English, No. 5:13cv160-MP/CAS, ECF No. 1.  In that petition, Todd raised a claim of "actual innocence" under the savings clause:

> Petitioner contends that he is Factually Innocent of the former Title 18 §1591(a)(1) and §1591(b)(1) Counts 2, 3, 4, and 5, because all the alleged victims were all 18 and over at the time his alleged offenses occurred.  Also, petitioner is Factually Innocent of conspiracy, Title 18 §§ 371, 1591(a)(1).
>
> . . . Petitioner contends that his convictions under Counts 1, 2, 3, 4, & 5 are unlawful in view of the gov./court's interpretation of the substantive provision of the former statute, which requires a mens rea of the age element (scienter), "the word "knowing" is

to separate wrongful conduct from otherwise innocent conduct" in the enumerated substantive offense provision.  Thereby, petitioner had been "misinformed by the District Court as to the nature of the charged crime", and has been convicted of a nonexistent crime.

*Id.* at 3.  In the Report and Recommendation, the magistrate judge explained that Todd had not raised a sentencing claim; rather, he raised a challenge to his conviction on the ground that he was convicted of a non-existent offense and, accordingly, review under § 2241 was not available. *Id.* ECF No. 14 at 5-7.   The judge further explained that the only U.S. Supreme Court decision Todd relied on was <u>United States v. X-Citement Video, Inc.</u>, 513 U.S. 64 (1994), which was decided well before Todd's conviction and did not involve any of the statutory provisions under which he was convicted.  *Id.* at 6.  The judge found the petition did not fall within the savings clause and should be dismissed with prejudice:

> [T]o the extent Petitioner claims he cannot pursue his claims via 28 U.S.C. § 2255 because he is precluded from filing a successive motion, more is required than demonstrating that there is a procedural barrier to bringing a § 2255 motion. Restrictions on successive § 2255 motions, standing alone, do not render that section "inadequate or ineffective" within the meaning of the savings clause.  Section 2241 does not provide an additional, alternative or supplemental remedy to 28 U.S.C. § 2255 or an additional bite at the proverbial apple, particularly when the identical issues could have been raised in a timely § 2255 motion or on direct appeal.  Therefore, the instant § 2241 petition must be dismissed for lack of jurisdiction.

*Id.* at 6-7.  The district judge adopted the Report and Recommendation.

*Id.* ECF No. 24.

Todd filed this § 2241 petition on or about June 1, 2016.  ECF No. 1.  He raises one ground, asserting his "'[f]actual innocence' §2255(e) – saving clause."  *Id.* at 3.  As supporting facts, Todd explains:

> Based on Petitioner's indictment filed under classified information (Title 18App.Section§12) on November 21, 2007, "He is 'in custody' for an act **omitted** in pursuance of an Act of Congress that in which had took effect on December 23, 2008, (i.e., William Wilberforce Trafficking Victim Protection Reauthorization Act. 28 U.S.C. §2241(c)(2), (c)(3) – "in custody" of a judgment of a Judge.

*Id.*  Todd asserts the remedy under § 2255 is inadequate or ineffective:

> Petitioner's shot of raising factual innocent in his initial §2255, was **obstructed** before and during Trial, at sentencing, and on direct appeal, based on his criminal indictment filed under **classified information on November 21, 2007, without substantive due process (5th and 14th) Amendment – and the 4th Amendment**.  Further, such classified information is based on the Adam walsh act that – added a new mandatory minimum term of imprisonment of 15 years under 18usc§1591(b)(1) for sex trafficking of an adult by force, fraud, or coercion, which had altered the base offense level to 34 if the offense of conviction is 18usc§1591(b)(1)-in §2G1.1-(effective on November 1, 2007)-petitioner's indictment was filed with the guidelines 2G1.1-violating separation of powers principles (non-delegation doctrine).

*Id.* at 2.  As relief, Todd requests "Immediate RELEASE from involuntary servitude (Slavery) 18 u.s.c. §1581 (Peonage) – 13th Amendment" and an "order to show cause under 28 U.S.C. § 2243 why the writ should not be granted."  *Id.* at 6.

## Analysis

The Judiciary Act of 1789 granted federal courts the power to issue the writ of habeas corpus. See United States v. Hayman, 342 U.S. 205 (1952). The habeas remedy is now codified in 28 U.S.C. § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." As noted in Hayman, prisoners must bring habeas corpus applications in the district of confinement. 342 U.S. at 213. Because courts with federal prisons in their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the determination of the legality of a sentence were generally located in the district where sentence was imposed rather than where the prisoner was confined, in 1948 Congress enacted § 2255 of Title 28. See Hayman, 342 U.S. at 212–14, 218; see also Wofford v. Scott, 177 F.3d 1236, 1239 (11th Cir. 1999).

The language of § 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute channels challenges to the legality of the imposition of a sentence, while leaving § 2241 available to challenge the continuation or execution of an initially valid confinement. See

Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351–52 (11th Cir. 2008); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990) (explaining § 2255 is primary method of collateral attack on federally imposed sentence).  Thus, § 2241 provides an avenue for challenges to matters such as the administration of sentences or parole, prison disciplinary actions, prison transfers, and certain types of detention.  See Antonelli, 542 F.3d at 1352 (petition challenging decision of federal Parole Commission is properly brought pursuant to § 2241); Thomas v. Crosby, 371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention is properly brought pursuant to § 2241); Bishop v. Reno, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons' administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence, and thus is matter for habeas corpus).

A collateral attack on the validity of a federal conviction and sentence is properly brought under 28 U.S.C. § 2255 in the district of conviction. *See, e.g.*, Antonelli, 542 F.3d at 1351-52; Sawyer v. Holder, 326 F.3d 1353, 1365 (11th Cir. 2003); Jordan, 915 F.2d at 629.  The Eleventh Circuit has explained:

> In general, a federal prisoner seeking to challenge the legality of his conviction or sentence has two bites at the apple: one on

>direct appeal, and one via a § 2255 motion.  In the interests of finality, the law generally bars prisoners from filing second or successive § 2255 motions, except when "certified as provided in section 2244[(b)(3)(A)] by a panel of the appropriate court of appeals to contain" either "newly discovered evidence" of actual innocence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  See 28 U.S.C. § 2255(h); Gilbert [v. United States], 640 F.3d [1293,] 1309 [(11th Cir. 2011 (en banc)].  This bar on second or successive motions is jurisdictional.

Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1339 (11th Cir. 2013).  "A petitioner who has filed and been denied a previous § 2255 motion may not circumvent the successive motion restrictions simply by filing a petition under § 2241."  Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005) (citing Wofford, 177 F.3d at 1245); see, e.g., Antonelli, 542 F.3d at 1351.

>Title 28 U.S.C. § 2255(e) provides in pertinent part:
>
>An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added); Wofford, 177 F.3d at 1238 (quoting § 2255 with added emphasis).  The italicized language, known as the "savings clause," allows review of a claim barred as successive under

§ 2255, but only in limited circumstances:

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.  Failure to meet a single prong means a petitioner's claim fails.  See Wofford, 177 F.3d at 1244; Flint v. Jordan, 514 F.3d 1165, 1168 (11th Cir. 2008).  "The applicability of the savings clause is a threshold jurisdictional issue, and the savings clause imposes a subject-matter jurisdictional limit on § 2241 petitions."  Samak v. Warden, FCC Coleman-Medium, 766 F.3d 1271, 1273 (11th Cir. 2014) (citing Williams, 713 F.3d at 1337-38).  A petitioner has the burden of demonstrating entitlement to proceed under the savings clause.  Id.

In this case, as with his earlier § 2241 petition, Todd challenges the validity of his conviction and sentence, not the execution thereof.  Such a challenge is properly brought pursuant to § 2255, not pursuant to § 2241. See, e.g., Antonelli, 542 F.3d at 1351-52; Sawyer, 326 F.3d at 1365; Jordan, 915 F.2d at 629.

Further, Todd's § 2241 petition is an attempt to circumvent the

restrictions on successive § 2255 motions. Todd previously filed a § 2255 motion, which the district court denied, as explained above. Because Todd has already filed a § 2255 motion, he cannot circumvent the statutory restriction on successive § 2255 motions by filing a § 2241 petition. 28 U.S.C. § 2255(e); *see* Gilbert, 640 F.3d at 1308. To proceed under § 2241, by invoking the savings clause, Todd has to show that § 2255 is "inadequate or ineffective" to challenge the legality of his detention. 28 U.S.C. § 2255(e). Todd has not made this showing.

In particular, as with his earlier § 2241 petition, Todd does not explain how he satisfies the Wofford test. ECF No. 1. *See, e.g.,* Lee v. Vazquez, 266 F. App'x 846 (11th Cir. 2008) (holding district court properly dismissed § 2241 petitioner and explaining that petitioner did not satisfy Wofford test where his petition "[h]is petition does not claim that he was convicted of a crime that a retroactively applicable Supreme Court decision has made nonexistent" but "[i]nstead, it claims that the district court that convicted [him] lacked subject matter jurisdiction, a claim that he had ample opportunity to raise at trial, on direct appeal, and in a § 2255 motion"). Indeed, Todd does not identify any "retroactively applicable Supreme Court decision overturning circuit precedent," Wofford, 177 F.3d at 1245, or

satisfy any subsequent test identified by the Eleventh Circuit, to open the § 2241 portal. See Gilbert, 640 F.3d at 1319 (explaining that three-factor test in Wofford was "only dicta" and "[t]he actual holding of the Wofford decision . . . is simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings"); Williams, 713 F.3d at 1343 (explaining: "Wofford's holding establishes two necessary conditions – although it does not go so far as holding them to be sufficient – for a sentencing claim to pass muster under the savings clause.  First, the claim must be based upon a retroactively applicable Supreme Court decision.  The second, and equally essential, condition is that the Supreme Court decision must have overturned a circuit court precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion."); Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1274 (11th Cir. 2013) ("To show his prior § 2255 motion was 'inadequate or ineffective to test the legality of his detention,' Bryant must establish that (1) throughout his sentencing, direct appeal, and first § 2255 proceeding, our Circuit's binding precedent had specifically addressed Bryant's distinct prior state conviction that triggered § 924(e) and had squarely foreclosed Bryant's

§ 924(e) claim that he was erroneously sentenced above the 10-year statutory maximum penalty in § 924(a); (2) subsequent to his first § 2255 proceeding, the Supreme Court's decision in <u>Begay [v. United States</u>, 553 U.S. 137 (2008)], as extended by this Court to Bryant's distinct prior conviction, overturned our Circuit precedent that had squarely foreclosed Bryant's § 924(e) claim; (3) the new rule announced in <u>Begay</u> applies retroactively on collateral review; (4) as a result of <u>Begay</u>'s new rule being retroactive, Bryant's current sentence exceeds the 10-year statutory maximum authorized by Congress in § 924(a); and (5) the savings clause in § 2255(e) reaches his pure § 924(e)-<u>Begay</u> error claim of illegal detention above the statutory maximum penalty in § 924(a).").

Moreover, even assuming Todd's claim is appropriate for consideration in a § 2241 petition, he appears to challenge the indictment and the courts' jurisdiction. He raised this, or a substantially similar claim, in his § 2255 motion, which was denied, as the Washington district court magistrate judge explained:

> Subject matter jurisdiction in a federal prosecution is conferred by 18 U.S.C. § 3231, which provides United States District Courts jurisdiction over the prosecution of all offenses against the laws of the United States. District courts, accordingly, have jurisdiction over cases involving violations of federal statutes. <u>United States v. Williams</u>, 341 U.S. 58, 65-66

. . . (1951); United States v. Studley, 783 F.2d 934, 937 (9th Cir. 1986). Additionally, 28 U.S.C. § 1291 and 18 U.S.C. § 3742 confer jurisdiction to the Ninth Circuit over appeals from final decisions of the district courts. Here, where the district court tried petitioner for crimes under Title 18 of the United States criminal code, *see* 18 U.S.C. §§ 371, 1591, 2421, and the Ninth Circuit reviewed petitioner's appeal of his conviction and sentence, there is no question as to the existence of subject matter jurisdiction. Petitioner's assertions that the actions of the courts were carried out *ultra vires* or *coram non judice* are entirely conclusory and without merit.

      The Court also had personal jurisdiction over petitioner by virtue of the fact that he was brought before the Court on a federal indictment charging him with violating federal law. United States v. Marks, 530 F.3d 799, 810-11 (9th Cir. 2008) . . . . Because the offenses at issue in this matter occurred within the Western District of Washington, the government was, in fact, required to conduct the prosecution in this Court. Fed. R. Crim. P. 18.

Todd v. United States, No. C11-0470-JLR-MAT, 2012 WL 2952084, at *5

(W.D. Wash. June 26, 2012).

## Conclusion

Accordingly, it is **ORDERED**:

1. Petitioner's motion for recusal, ECF No. 4, is **DENIED**.

2. Petitioner's IFP motion, ECF No. 5, is **GRANTED**.

## Recommendation

It is respectfully **RECOMMENDED** that the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (ECF No. 1) be **DISMISSED** for lack of jurisdiction.  Any pending motions other than those addressed above should be **DENIED as moot**.

**IN CHAMBERS** at Tallahassee, Florida, on August 9, 2016.

> **S/ Charles A. Stampelos**
> **CHARLES A. STAMPELOS**
> **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   See 11th Cir. R. 3-1; 28 U.S.C. § 636.**